UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| MICHAEL WRIGHT, | ) ED CV 08-01304-SH |
| | ) MEMORANDUM DECISION |
| Plaintiff, | ) |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## I. PROCEEDINGS

Plaintiff filed a Complaint on September 19, 2008, seeking review of the decision by the Commissioner of the Social Security Administration denying Plaintiff's Application for Supplemental Security Income ("SSI"). Defendant filed an Answer on December 15, 2008 and Plaintiff filed an Opposition Cross-Motion on January 27, 2009. Defendant then filed a Motion for Summary Judgment on February 26, 2009. The parties consented to the jurisdiction of United States

Magistrate Judge Stephen J. Hillman on November 6, 2008. The matter has been taken under submission.

## II. BACKGROUND

On March 27, 2006, Plaintiff filed an application for SSI, claiming disability beginning on February 1, 2003. The claim was first denied on June 8, 2006, and again on December 26, 2006. Plaintiff then filed a timely written request for hearing on January 24, 2007. Plaintiff testified at a hearing held before ALJ Mason D. Harrell, Jr. on January 9, 2008. At this hearing, Plaintiff's attorney amended the alleged disability onset date to June 1, 2007 to reflect Plaintiff's substantial gainful activity prior to that date. A supplemental hearing was held on March 19, 2008, where medical and vocational experts testified. ALJ Harrell denied benefits on April 24, 2008. Plaintiff filed an appeal, which was denied by the Appeals Council on August 7, 2008. This action followed.

## III. DISCUSSION

Under 42 U.S.C § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F. 2d 59, 60 (9th Cir. 1973), cert denied, Troske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F. 2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F. 2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the Commissioner where evidence is susceptible of more than one rational interpretation. Gallant v.

Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405 (g). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, disability benefits are denied. Second, if the person is not so engaged, it is determined if the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied. Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed disabled. Fourth, if the impairment does not meet or equal the "listed impairments," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. 20 C.F.R. §404.1520 (1994); Bowen v. Yuckert, 482 U.S. 137, 140-2 (1987).

Issue 1: The ALJ properly considered the state agency findings

On July 31, 2003, state agency physician Joseph Hartman, M.D., conducted a residual functional capacity assessment of Plaintiff. Dr. Hartman found that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds routinely; stand or walk for less than two hours in an eight hour work day with appropriate breaks

and using a medical device for ambulation; sit for six hours in an eight hour workday; push or pull and occasionally climb stairs, balance, stoop, kneel, crouch or crawl.

Plaintiff contends that the ALJ improperly considered Dr. Hartman's opinion by failing to provide specific and legitimate reasons, supported by substantial evidence, for rejecting it. As a state agency physician, Plaintiff asserts that the ALJ was required to acknowledge Dr. Hartman's opinion and explain its weight. Defendant contends, however, that the ALJ was not required to consider the opinion of Dr. Hartman because it preceded the relevant disability period by years. Additionally, a later residual functional capacity assessment issued by Dr. Hartman on May 30, 2006, stated that Plaintiff could lift or carry 50 pounds occasionally and 25 pounds frequently; stand or walk for at least two hours in an eight hour work day with appropriate breaks and a medical device for ambulation; sit for six hours of an eight hour workday with normal breaks; push and pull and occasionally climb stairs, balance, stoop kneel, crawl and crouch. Defendant adds that these later findings are consistent with the ALJ's ultimate determination that Plaintiff has not suffered from a disability since March 27, 2006.

Although the ALJ must consider the findings of state agency medical consultants, they are not binding. C.F.R. § 404.1527 (f)(2)(i), C.F.R. § 416.927 (f)(2)(i). Additionally, any state agency findings must bear on the relevant period of disability. Here, Plaintiff amended his disability onset date to June 1, 2007 from February 1, 2003, due to 18 months of substantial gainful activity he performed working at a car wash detail shop beginning in early 2006. (AR 29). As a result of the amended disability onset date, Dr. Hartman's July 31, 2003 residual functional capacity assessment of Plaintiff was issued four years before the relevant onset date and is irrelevant.

Additionally, where medical evidence conflicts, the Commissioner has the discretion to choose between the contradicted evidence. Sanchez v. Secretary of

- 4 -

Health & Human Servs. 812 F.2d 509, 511 (9th Cir. 1987). Here, Dr. Hartman's 2003 and 2006 residual functional capacity assessments of Plaintiff conflict with the 2006 assessment supporting the ALJ's decision. Moreover, three subsequent residual functional capacity assessments of Plaintiff, all conducted by different doctors, held that Plaintiff could stand or walk for at least two hours of an eight hour workday. (AR 237-44, 281, 304-10, 324-29). These records were consistent with the ALJ's assessment of disability and provide further justification of the ALJ's rejection of Dr. Hartman's 2003 assessment.

Therefore, the ALJ was not required to consider Dr. Harman's 2003 assessment of Plaintiff because it did not bear on the relevant period of disability. The ALJ had the discretion to choose between Dr. Hartman's 2003 residual functional capacity assessment and the four contradictory assessments issued later.

### Issue 2: The ALJ properly considered the opinion of Lawrence Meltzer, an examining physician

On July 22, 2003, Dr. Lawrence Meltzer conducted an orthopedic evaluation of Plaintiff. Dr. Meltzer found that Plaintiff could lift or carry 20 pounds occasionally and 10 pounds routinely; stand or walk for less than two hours in an eight hour workday with normal breaks and using a medical device for ambulation; sit for an unlimited length of time in an eight hour workday with appropriate breaks; could not walk on uneven terrain; could occasionally climb stairs but with a banister or crutches, and could not kneel or crouch. Dr. Meltzer also diagnosed Plaintiff with degenerative arthritis left knee and possible osteochrondritis desiccans. (AR 213-222).

Plaintiff contends that the ALJ's rejection of Dr. Meltzer's opinion without providing specific and legitimate reasons, supported by substantial evidence,

constitutes reversible error. However, the Defendant asserts that the ALJ was not required to address Dr. Meltzer's opinion because it was issued on July 22, 2003, well before the amended alleged onset date of June 1, 2007.

Where the opinion of a treating doctor is contradicted, as it is here, the ALJ is usually required to give specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the opinion. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). However, like Dr. Hartman's assessment, the ALJ was not required to consider Dr. Meltzer's assessment since it was conducted four years before the claimed period of disability.

Additionally, the ALJ may reject a physician's opinion even if it is uncontradicted. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). Here, Dr. Meltzer's findings are contradicted by four later residual functional capacity assessments. Thus, even if the ALJ was required to consider Dr. Meltzer's opinion, substantial medical evidence contradicting Dr. Meltzer's findings supported the ALJ's decision. Because the ALJ makes the ultimate determination of disability, the ALJ's failure to accept Dr. Meltzer's opinion does not constitute error.

Issue 3: The ALJ failed to make proper credibility findings

In his April 24, 2008 opinion, ALJ Mason D. Harrell, Jr., held that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity." (AR 13-14) ALJ Harrell stated that medical evidence in the record was inconsistent with Plaintiff's testimony.

Plaintiff asserts that the ALJ's credibility findings were improper because he merely summarized Plaintiff's testimony, rather than specifically identifying the testimony that lacked credibility and the evidence undermining the testimony. Reddick v. Charter, 157 F3d 715, 722 (9th Cir. 1998). Without providing specific and cogent reasons for discrediting Plaintiff's testimony, Plaintiff contends that the ALJ's credibility findings were incomplete and improper. Id. At 722. The Defendant contends that the ALJ properly determined that Plaintiff's allegations of subjectively disabling symptoms were partially credible. Defendant points to evidence that Plaintiff malingered in psychological evaluations to support the ALJ's credibility assessment, stating that the ALJ may discredit Plaintiff outright if there is any evidence of malingering.

The ALJ is required to set forth specific and cogent reasons for disbelieving Plaintiff's testimony. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). In addition, an ALJ's credibility assessment may include the claimant's reputation for truthfulness, inconsistencies within the claimant's testimony or as between his testimony and conduct, the claimant's testimony or as between his testimony and conduct, the claimant's daily activities and work history. Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). Because the ALJ simply stated that Plaintiff's testimony was inconsistent with his residual functional capacity, without stating which testimony was inconsistent with which medical findings, the ALJ did not provide specific and cogent reasons for rejecting Plaintiff's testimony. The ALJ also failed to consider any of the additional factors stated above.

Even if specific and cogent reasons were provided, Plaintiff testified that he has difficulties walking because of his knee; that his knee was painful and swollen; that his knee would drag on the ground; that his work performance suffered due to his knee; that his knee hurt when it "got gummy" but not when it was "loose"; that he can walk about 50 yards; and that his leg may need amputation due to dead tissue. (AR 29-35). The ALJ himself cited medical

evidence stating that Plaintiff used crutches and complained of left knee pain; that Plaintiff walked with a limp; that he used a cane for long distances; that he had moderate to advanced osteoarthritis; and that Plaintiff had a decreased range of motion in his left knee and a mild tender medical aspect. (AR 14). Rather than discrediting Plaintiff, this medical evidence is consistent with Plaintiff's testimony regarding his pain and knee problems. Because Plaintiff's testimony regarding the physical pain from his knee mirrors the medical evidence in the record, the ALJ's credibility assessment is flawed.

Additionally, Defendant's assertion that the ALJ may discredit Plaintiff outright due to malingering with without merit. Here, evidence of malingering as found on Plaintiff's psychological evaluations, where doctors questioned whether Plaintiff gave adequate effort. (AR 14). However, Plaintiff's malingering on psychological evaluations does not necessarily equate to malingering regarding physical symptoms, and Plaintiff's testimony regarding his physical symptoms was supported by the record. Thus, the ALJ lacked authority to outright discredit Plaintiff's testimony regarding his physical symptoms based on mental evaluation malingering. Due to the ALJ's failure to property assess Plaintiff's credibility, the ALJ's hold is reversed and remanded on Issue Three.

Issue 4: The ALJ may have posed a valid hypothetical question to the vocational expert

At Plaintiff's January 9, 2008 hearing, ALJ Harrell posed a hypothetical question to a testifying vocational expert, asking what limitations Plaintiff faced as a result of his residual functional capacity. As party of the hypothetical question, the ALJ asked what the limitations were for a person who "can't be on their feet more than a total of two hours out of eight." (AR 63).

Plaintiff asserts that the ALJ failed to pose a complete hypothetical question to the vocational expert because the hypothetical failed to set out all of Plaintiff's limitations and restrictions, particularly, Plaintiff's limitation regarding standing or walking less than two hours of every eight hour workday and obesity. Defendant argues that the ALJ propounded a valid hypothetical question to the vocational expert because the ALJ was not required to include a limitation to walking less than two hours per an eight hour workday, as this limitation was unsupported by the medical evidence from the relevant period of disability.

Questions posed to a vocational expert must set out all of the particular claimant's limitations and restrictions. Embrey v. Bowen, 849 F2d 18, 422 (9th Cir. 1988). The hypothetical must be accurate, detailed and supported by the medical record. Gamer v. Secretary of Health & Human Serve., 815 F.2d 1275, 129-80 (9th Cir. 1987). Here, Defendant is correct in stating that the ALJ was not required to include a limitation of walking less than two hours in an eight hour workday, because the medical evidence in the record does not support this conclusion. Two residual functional capacity assessments of Plaintiff in 2003 found that he could not stand or walk more than two hours in an eight hour workday. However, four residual functional capacity assessments conducted during 2005 and 2006 found that Plaintiff could stand or walk for at least two hours in an eight hour workday. Because medical evidence in the record indicates that Plaintiff could walk or stand for more than two hours in an eight hour workday, the ALJ was not required to ask the vocational expert about whether Plaintiff could stand or walk for less than this amount.

Additionally, Plaintiff's assertion that the ALJ was required to question the vocational expert regarding Plaintiff's obesity is also without merit since no medical evidence in the records indicates that Plaintiff suffered from obesity. Thus, the ALJ may have posed the proper hypothetical question to the vocational expert.

However, the credibility issue need to be resolved on remand before the hypothetical is re-formulated.

## IV. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded pursuant to Sentence Four of 42 U.S.C. §405(g)

Dated: <u>August 13, 2009</u>

                                   <u>  / s /  </u>
                                   STEPHEN J. HILLMAN
                                   UNITED STATES MAGISTRATE JUDGE